James Eric FOUNTAIN *v.* STATE of Arkansas

CR 01-890 72 S.W.3d 511

Supreme Court of Arkansas
Opinion delivered April 25, 2002

*Hatfield & Lassiter,* by: *Jack T. Lassiter,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

A NNABELLE CLINTON IMBER, Justice. James Eric Fountain was convicted at a bench trial in the Pulaski County Circuit Court on four drug-related felonies: simultaneous possession of drugs and firearms; possession of marijuana with intent to deliver; maintaining a drug premises; and possession of drug paraphernalia. On the offense of simultaneous possession of drugs and firearms, a class Y felony, Mr. Fountain was sentenced to a term of ten years with four years suspended. On each of the other offenses, he was sentenced to a term of ten years with four years suspended. Those sentences were to run concurrently with his sentence on the class Y felony offense. Both the State and Mr. Fountain filed notices of appeal. On October 8, 2001, Mr. Fountain filed a motion to dismiss appeal or for alternative relief. We ordered that the motion be submitted as a case with the clerk to set a briefing schedule. Important to the outcome of this motion is a timeline of the events following trial:

May 18, 2001: Notice of appeal filed on behalf of State

May 22, 2001: Judgment and commitment order filed

May 25, 2001: Notice of appeal filed by Mr. Fountain

June 1, 2001: Notice of cross-appeal filed on behalf of State

June 5, 2001: Motion to correct judgment and commitment order filed by Mr. Fountain

June 11, 2001: Motion to correct order is granted

June 18, 2001: Amended notice of cross-appeal filed on behalf of State

June 21, 2001: Amended judgment and commitment order filed

June 29, 2001: Amended notice of appeal filed by Mr. Fountain

August 16, 2001: Record lodged with this court by Mr. Fountain

Mr. Fountain contends that he is the appellee in this matter and is now proceeding under the heading of appellant only because that designation appears in our order directing the clerk to set a briefing schedule. He asks this court to dismiss both his appeal and the State's appeal and remand the case to the trial court for execution of sentence. Mr. Fountain maintains that he never would have appealed had the State not appealed, and asserts that he proceeded at all relevant times under a belief that he was the appellee in this matter. He emphasizes the fact that he filed his notice of appeal following the notice of appeal filed by the State. The State requests the opportunity to pursue its appeal and argues that Mr. Fountain's motion to dismiss should be denied as to its appeal.

Where an appeal, other than an interlocutory appeal, is desired on behalf of the State following a misdemeanor or felony prosecution, the State must file a notice of appeal within thirty days after entry of a final order by the trial judge. Ark. R. App. P.—Crim. 3(b) (2001). Similarly, Arkansas Rule of Appellate Procedure—Criminal 2(a) (2001) provides that a notice of appeal

must be filed within thirty days from the date of entry of a judgment.[1] The State filed its notice of appeal in this matter on May 18, 2001. Citing Arkansas Rule of Appellate Procedure—Criminal 2(b)(1), Mr. Fountain argues that, although the State's May 18, 2001 notice predated the May 22 filing of the judgment, the notice was nevertheless effective and should be treated as having been filed on May 23, 2001. We agree.

■ Criminal Appellate Rule 2(b)(1) (2001) provides, in relevant part: "A notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered." Ark. R. App. P.—Crim. 2(b)(1). The filing benefit granted by Criminal Appellate Rule 2(b)(1) was not something this court intended to provide only to criminal defendants. A similar provision appearing in our civil appellate rules entitles all parties appealing judgments in civil actions to the same premature filing benefit. Ark. R. App. P.—Civ. 4(a) (2001). Arkansas Rule of Appellate Procedure—Civil 4(a) was amended on January 28, 1999, to provide that a premature notice of appeal is to be treated as if it had been filed after entry of the judgment, decree, or order. *See* Addition to Reporter's Notes to Ark. R. App. P.—Civ. 4, 1999 Amendment. Accordingly, Criminal Appellate Rule 2(b)(1) was revised on June 24, 1999, to reconcile it with recent changes in the comparable Civil Appellate Rule 4. *See* Reporter's Notes to Ark. R. App. P.—Crim. 2, June 1999 Amendment. Subsection (b)(1) of Criminal Appellate Rule 2 now provides that a premature notice of appeal is to be treated as if it had been filed after entry of the judgment, decree, or order. Ark. R. App. P.—Crim. 2(b)(1). A consistent interpretation of our rules demands that the premature filing benefit be afforded to the State.[2] Otherwise, the benefit would be granted to all parties except the State. Such an

---

[1] Criminal Appellate Rule 2(a)(3) also allows for a notice of appeal to be filed within thirty days from the date a posttrial motion under Ark. R. Crim. P. 33.3 is deemed denied. Ark. R. App. P.—Crim. 2(a)(3) (2001).

[2] The dissenting opinion suggests an interpretation of our rules that can only be characterized as internally inconsistent: The State is not entitled to the filing benefit granted by Rule of Appellate Procedure—Criminal 2(b)(1), and yet, it is subject to the filing deadline for cross-appeals set out in Rule of Appellate Procedure—Civil 4(a).

interpretation of our appellate rules would lead to an absurd result, and this court has often said that we will not adopt an interpretation of the law that leads to an absurd result. *See Yarbrough v. Witty*, 336 Ark. 479, 987 S.W.2d 257 (1999); *Citizens To Establish A Reform Party v. Priest*, 325 Ark. 257, 926 S.W.2d 432 (1996). Justice must be served in an evenhanded manner: fair to the State, yet fair to the defendant. *Clements v. State*, 306 Ark. 596, 817 S.W.2d 194 (1991).

■ Applying Criminal Appellate Rule 2(b)(1), the State's first notice of appeal was timely filed, and the State was the original appellant. Two days after the State filed its notice of appeal, Mr. Fountain filed his notice of appeal on May 25, 2001. His notice was also timely. The State then filed its notice of "cross-appeal" on June 1, 2001, appealing the same May 22 Order. We note that the document was titled a notice of *cross*-appeal. This court should not be blinded by titles. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997). The State was actually the first party to appeal from the trial court's original order. In any event, both notices filed by the State were well within the State's thirty-day limit for filing a notice of appeal under Criminal Appellate Rule 3(b).

Following these notices of appeal, Mr. Fountain filed a post-trial motion for correction of the trial court's May 22 Order. Pursuant to Criminal Appellate Rule 2(b)(1), that motion extended the time for filing notices of appeal until thirty days from entry of the order disposing of the last motion outstanding. The extension applied to all parties. Ark. R. App. P.—Crim. 2(b)(1). The trial court granted Mr. Fountain's posttrial motion, and, as a result, entered an amended judgment and commitment order on June 21.

■ The State filed its amended notice of "cross-appeal" on June 18, 2001, appealing the trial court's original and amended orders. As previously noted, this court should not be blinded by titles. Once again, the State was the first party to appeal from the trial court's amended order, albeit prematurely. When a notice of appeal is filed prior to the disposition of any post-trial motions, or prematurely, Ark. R. App. P.—Crim. 2(b)(2) (2001) provides

relief. That rule also states that a notice of appeal made after the disposition of any post-trial motions is effective to appeal the underlying judgment as well. Criminal Appellate Rule 2(b) reads, in relevant part:

> (1) . . . Upon timely filing in the trial court of a post-trial motion, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. . . .
>
> (2) A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule.

Ark. R. App. P.—Crim. 2(b). Applying Ark. R. App. P.—Crim. 2(b)(2), the State's amended notice of appeal must be treated as filed one day after entry of the amended judgment, or June 22, 2001. Thus, the State clearly filed its appeal within thirty days after entry of the June 21 amended order by the trial court. Furthermore, pursuant to Criminal Appellate Rule 2(b)(2), the State's amended notice of appeal is effective to appeal both the original judgment and the amended judgment.

 Under Ark. R. App. P.—Crim. 3(c) (2001), the State was entitled to sixty days from the filing of its notice of appeal within which to file the transcript of the trial record. Mr. Fountain lodged the transcript with this court's clerk on August 16, 2001. Therefore, the transcript was filed fifty-five days after the State's June 22 notice of appeal. The filing of the transcript by the defendant alleviated the State's need to file another copy of the transcript.[3] As such, the State's appeal is properly before this

---

[3] Such filing does not, however, affect the requirement under Ark. R. App. P.–Crim. 3(c) that the Attorney General may only take an appeal after inspecting the trial record and becoming satisfied that error has been committed to the prejudice of the State and, further, that the correct and uniform administration of the criminal law requires review by the Supreme Court.

court.[4] Mr. Fountain's motion to dismiss is hereby denied such that the State will be allowed to pursue its appeal of both the trial court's May 22 and June 21 orders.

In his motion, Mr. Fountain requests to pursue his appeal if the State is allowed to pursue its appeal. As Mr. Fountain's June 29, 2001 amended notice of appeal was timely and as the transcript was filed in compliance with Ark. R. App. P.—Civ. 5(a) (2001), Mr. Fountain will also be allowed to pursue his appeal of the trial court's original and amended orders. We direct the clerk to set an appropriate briefing schedule.

Motion to dismiss appeal denied.

ARNOLD, C.J., THORNTON and HANNAH, JJ., dissent.

W. H. "DUB" ARNOLD, Chief Justice, dissenting. I disagree with the majority and would grant Mr. Fountain's motion to dismiss both the appeal and cross-appeal.

The majority holds that in applying Criminal Appellate Rule 2(b)(1), the State's first notice of appeal was timely filed, and that State was the original appellant. I disagree. Arkansas Rule of Appellate Procedure—Criminal 3(b) addresses appeals by the State and plainly states that where an appeal from a final judgment is

---

[4] Mr. Fountain points out that the State did not file a transcript of the June 11 hearing, even though its June 18 "Amended Notice of Cross-Appeal and Designation of Record" requested a transcript of that hearing as part of the record on appeal. The State counters that Mr. Fountain's suggestion that the State's appeal should be dismissed because it has not lodged the record of the June 11 hearing is, at best, premature.

The State correctly contends that lodging a transcript of that hearing is not a prerequisite to this court acquiring jurisdiction of its appeal. If the transcript needs to be made a part of the record, either party can ask that the record be supplemented with it under Ark. R. App. P.—Crim. 4(a), which states that matters pertaining to the modification of the record on appeal are to be governed by the Rules of Appellate Procedure–Civil. Civil Appellate Rule 6 states:

If anything material to either party is omitted from the record by error or accident . . . , the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court . . . may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.

Ark. R. App. P.—Civ. 6(e) (2001).

desired "on behalf of the State," notice of appeal shall be filed within thirty days "*after* entry of a final order." [Emphasis added.] As a separate rule was drawn to address appeals by the State, I believe that it is evident that such appeals are to be treated differently than those contemplated by Rule 2. Further, in the case of *Bowden v. State*, 326 Ark. 266, 931 S.W.2d 104 (1996) this Court explained the need for a separate rule for appeals by the State. In *Bowden*, we held that there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State: the former is a matter of right, and to cut off a defendant's right to appeal because of his attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel; the latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to this rule. *Id.*

As such, I would hold that Ark. R. App. P.—Crim. 2(b)(1) does not apply to appeals by the State and that the State's first notice of appeal, which predated the entry of the judgment and commitment order was premature and, therefore, invalid under Ark. R. App. P.—Crim. 3(b), which *does* apply to appeals by the State. As Mr. Fountain did file a timely notice of appeal after entry of the judgment and commitment order, I believe he is clearly the appellant, and the State, having filed a notice of cross-appeal subsequently, is the cross-appellant. Moreover, as Mr. Fountain is the one who actually filed the transcript, if this Court allows the State to appeal as the *appellant*, Mr. Fountain becomes, in effect, trapped by his filing of the transcript; in other words, if he had not filed it, then the State would not even *have* a transcript.

Mr. Fountain then argues that, if *he* is the one characterized as the appellant, the State's cross-appeal should be dismissed because the rules of appellate procedure do not provide for cross-appeals by the State. While it is true that the rules of appellate procedure do not expressly provide for cross-appeals, we have, however, entertained cross-appeals by the State in previous cases, including *Moore v. State*, 321 Ark. 249, 903 S.W.2d 145 (1995), *Byndom v. State*, 344 Ark. 391, 39 S.W.3d 781 (2001), and *Smith*

*v. State*, 347 Ark. 277, 61 S.W.3d 168 (2001). In *Byndom*, we held that the State's right to file a criminal appeal arises under Ark. R. App. P.—Crim. 3, which specifically states as follows:

> (b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

This rule does not state "Where a *direct* appeal. . ." but instead states "Where an appeal. . . ." Although Mr. Fountain attempts to argue that Rule 3 does not apply to *cross*-appeals, there is no other authority under which the State could cross-appeal in a criminal case.[1] This Court, in a concurring opinion in *Osborne v. State*, 340 Ark. 444, 11 S.W.3d 528 (2000), said:

> [W]hile our Rule of Appellate Procedure—Criminal do not specifically mention cross-appeal, as such, our Rules of Appellate Procedure—Civil clearly do (see Ark. R. App. P.—Civ. 3(d)), and these civil appellate rules have commonly been referred to and applied when necessary in criminal appeals.

Further, while it is true that the rules do not specifically set out a *time* for the State to file a *cross*-appeal, this Court has referred to and applied the Rules of Appellate Procedure—Civil when necessary in criminal appeals. Under Ark. R. App. P.—Civ. 4(a), a party cross-appealing must file within ten days after receipt of the other party's direct appeal. While the State did file its initial notice of cross-appeal well within ten days of Fountain's notice of appeal, the State failed to file an amended or subsequent notice of cross-appeal after Mr. Fountain filed his amended notice of appeal following the amended judgment and commitment order entered by the trial court. Therefore, while I do believe that the State's cross-appeal is allowable, I believe that it must be dismissed as untimely.

---

[1] The issue of whether the State can file a cross-appeal pursuant to the Arkansas Rules of Appellant Procedure—Civil is not before the Court; therefore, I will not address that issue.

I believe that the filing of an amended judgment clearly affects a previously-filed notice of appeal. *See Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997) (dismissing an appeal wherein a notice of appeal of an order denying a motion for new trial was not timely filed, although a notice of appeal had been timely filed following the entry of the judgment and commitment and a second notice of appeal had been timely filed following the entry of an amended judgment and commitment); *Burks v. State*, 328 Ark. 678, 945 S.W.2d 367 (1997) (holding that the failure to file a notice of appeal after the entry of an amended judgment and commitment order, although a notice of appeal had been filed after the original judgment and commitment order, constituted a denial of effective assistance of counsel). Clearly, each time an amended judgment and commitment is filed, or a post-trial motion is entertained by the trial court, a new notice of appeal must be filed. In this case, following the filing of the amended judgment and commitment, Mr. Fountain filed a timely amended notice of appeal; however, the State did not then file another notice of cross-appeal; therefore, I would hold that the State's cross-appeal must be dismissed.

For all of the foregoing reasons, I believe that Mr. Fountain's motion to dismiss his appeal, as well as the cross-appeal filed by the State, should be granted; as such, I must respectfully dissent.

THORNTON AND HANNAH, JJ., join this dissent.