The Honorable Johnny Key State Representative 1105 Delwood Lane Mountain Home, AR 72653-5601
Dear Representative Key:
You have presented the following questions regardingAct 1793 of 2003 for my opinion:
 (1) Does A.C.A. § 6-15-504(a) (as amended by Act 1793 of 2003) require home school children to be tested in the same grades public school students are tested?
 (2) If so, can the Department of Education make the decision not to follow this law by testing public school students in grades 5 and 9 while testing home school students in grades 5, 7, and 10?
 (3) Would students who are notified of the testing date and do not take the required test within the testing window be in violation of A.C.A. § 6-15-504(e)(1)(A)?
 (4) What would constitute a "refusal to participate" under A.C.A. § 6-15-504(e)(1)(A)?
 (5) Under A.C.A. § 6-15-504(e)(1)(B), would a student be prohibited from home schooling until he or she took a makeup test?
RESPONSE
Question 1 — Does A.C.A. § 6-15-504(a) (as amended by Act 1793 of 2003)require home school children to be tested in the same grades publicschool students are tested?
It is my opinion that A.C.A. § 6-15-504(a) (as amended byAct 1793 of 2003) requires home school children to be given norm-referenced achievement tests in the same grades that norm-referenced achievement tests are administered to public school students.
This conclusion is apparent from a common sense reading of the language of A.C.A. § 6-15-504(a) itself.
A.C.A. § 6-15-504(a) states:
 (a) Each student enrolled in a home school program who is considered to be at grade level or no more than two (2) years beyond the normal age for the appropriate grade for which the state mandates norm-referenced tests for public school students shall be tested using a nationally recognized norm-referenced achievement test selected by the State Board of Education.
A.C.A. § 6-15-504(a) (as amended by Act 1793 of 2003).
The above quoted language directly ties the grade level for administering norm-referenced achievement tests to home school students to the grade level at which norm-referenced tests are administered to public school students. The statute's requirement that a determination be made as to whether home school students are at "the appropriate grade" for the testing of public school students would be meaningless if the intent had not been to require testing of home school students at that same grade level. In interpreting statutory language, it is inappropriate to adopt a reading that would render the language vain and meaningless. See Fountainv. State, 348 Ark. 359, 72 S.W.3d 511 (2002); Yarbrough v. Witty,336 Ark. 479, 484, 987 S.W.2d 257 (1999); Lawhon Farm Servs. v. Brown,335 Ark. 272, 948 S.W.2d 1 (1998); Citizens To Establish A Reform Party v.Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. Fleet MortgageCo., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State, 317 Ark. 312,877 S.W.2d 589 (1994); Death and Total Permanent Disability Trust Fundv. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). Accordingly, I must interpret A.C.A. § 6-15-504(a) to require that norm-referenced achievement tests be administered to home school students when they are deemed to be at the grade level at which the norm-referenced achievement tests are administered to public school students.
I acknowledge that other sub-sections of the statute grant the directors of the education service cooperatives and the Department of Education the authority to determine the appropriate "procedures" to be followed in administering the required tests and to apply "alternative procedures" in certain instances. However, it is my opinion that the grade level of testing is not a "procedural" matter that falls within that authority, nor is the grade level of norm-referenced testing an "alternative procedure" that is authorized by these statutes. Rather, I interpret these "alternative procedures" to be those that are determined to be necessary to accommodate a particular student's unusual circumstances (such as physical or mental limitations). This reading of the statute is consistent with and supported by the requirements of federal law concerning alternative testing procedures. See the Individuals With Disabilities Education Act (IDEA, 20 U.S.C. § 1400 et seq.), the federal act that requires that states provide disabled students with a free appropriate public education.
Accordingly, I conclude that A.C.A. § 6-15-504(a) requires that home school students be given the norm-referenced achievement tests at the same grade levels at which norm-referenced achievement tests are administered to public school students.
I must note, however, that valid practical considerations may be impacting the degree to which this requirement is being executed. If such considerations are indeed impeding the implementation of A.C.A. §6-15-504, the matter is one that must be dealt with on the administrative or legislative level.
Question 2 — If so, can the Department of Education make the decision notto follow this law by testing public school students in grades 5 and 9while testing home school students in grades 5, 7, and 10?
On the basis of the interpretation discussed above in response to Question 1, it is my opinion that the Department of Education does not have the authority to decide to administer norm-referenced achievement tests to home school students at different grade levels than those at which the norm-referenced achievement tests are administered to public school students. However, the Department of Education does have the authority and responsibility to respond to any practical impediments to the implementation of the testing requirements.
Question 3 — Would students who are notified of the testing dateand do not take the required test within the testing window be inviolation of A.C.A. § 6-15-504(e)(1)(A)?
It is my opinion that the question of whether A.C.A. § 6-15-504(e)(1)(A) has been violated is a question of fact that will turn on all of the facts of the situation. I therefore cannot state as a general matter of law that every failure to take tests of which notice has been given would constitute a violation of this statutory section.
A.C.A. § 6-15-504(e)(1)(A) states:
 (e)(1)(A) Any student who refuses to participate in the testing program or the alternate testing program required by this section has not met the statutory prerequisites for home schooling and, as any other student, shall be subject to the applicable Arkansas laws regarding truancy.
A.C.A. § 6-15-504(e)(1)(A).
I note that the above quoted statute requires a "refusal" to participate in the testing program. In interpreting statutory language, it is appropriate to give the words in the statute their ordinary meanings in common usage. The Bank of Eureka Springs v. Evans, 353 Ark. 438,109 S.W.3d 672 (2003). In common usage, the term "refusal" implies a willful
failure to participate, a conscious intent not to participate. The common dictionary definition of the verb "refuse" indicates that intent is an element of the act of refusal. For example, the Merriam-Webster Dictionary defines the verb "refuse" as follows: "to decline to do."
It is my opinion that in order to be in violation of A.C.A. §6-15-504(e)(1)(A), a student's failure to participate must be intentional. The question of intent is a question of fact that must be determined on a case-by-case basis. Accordingly, it is my opinion that if a student can establish on the basis of the facts of the situation that his or her failure to participate was not a willful intent not to participate, the student would not be deemed to have violated the statute.
Question 4 — What would constitute a "refusal to participate" underA.C.A. § 6-15-504(e)(1)(A)?
As discussed above in response to Question 3, it is my opinion that a "refusal to participate," in violation of A.C.A. § 6-15-504(e)(1)(A), must be intentional and willful.
Question 5 — Under A.C.A. § 6-15-504(e)(1)(B), would a student beprohibited from home schooling until he or she took a makeup test?
It is my opinion that the decision regarding the applicability of A.C.A. § 6-15-504(e)(1)(B) is one that must ultimately be made by the Department of Education.
A.C.A. § 6-15-504(e)(1)(B) states:
 (B) After a student corrects any refusal to participate in the testing program or the alternate testing program as determined by the department and required by this subsection, the student shall be restored to home school status after his or her parent or guardian has complied with all requirements of § 6-15-503.
A.C.A. § 6-15-504(e)(1)(B).
Because the Department of Education is the agency with the authority to administer the statutory testing requirements, it is my opinion that the Department must determine what acts will constitute acceptable correction of a previous failure to participate in the testing program pursuant to A.C.A. § 6-15-504(e). I note that the decision of an agency that is charged with the administration of a statute will be given considerable deference by the courts and will be upheld unless it is clearly wrong.See, e.g., Cave City Nursing Home, Inc. v. Arkansas DHS, 351 Ark. 13,89 S.W.3d 884 (2002).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General