Billy Joe HENSON *v.*
Robert H. WYATT, Jr., Circuit Judge

08–280                                                            283 S.W.3d 593

Supreme Court of Arkansas
Opinion delivered April 24, 2008

Appellant, pro se.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

PER CURIAM. On November 30, 2007, petitioner Billy Joe Henson filed a pleading styled as a petition for writ of habeas corpus in Jefferson County Circuit Court. The trial court apparently dismissed the petition, although no order so indicating appears in the partial record before us. In any event, petitioner filed a "motion for reconsideration" on January 2, 2008, in which he requested the circuit court consider changing or reversing an order of December 19, 2007. On March 3, 2008, petitioner filed a petition for writ of mandamus in this court, requesting that we issue the writ to compel the circuit court judge to issue a ruling on the motion for reconsideration.

The Attorney General has filed a response on behalf of the respondent that asserts that the motion for reconsideration was deemed denied under Ark. R. App. P.–Civil 4(b)(1), on or about February 2, 2008, and that the petition for writ of mandamus should therefore be moot. We hold that, whether Rule 4(b)(1) was or was not applicable here to provide a ruling by the circuit court, the petition is moot.

The petition in circuit court was presented as a petition for writ of habeas corpus under Ark. Code Ann. §§ 16-112-101 to -123 (Repl. 2006). The relief sought, however, was not the release of a prisoner, but the vacation of an administrative decision by the Arkansas Department of Correction and amendment of petitioner's prison records. The petition was therefore clearly a civil matter.

Assuming petitioner's asserted date of December 19, 2007, or a later date, for the judgment, Rule 4(b)(1) is the applicable rule concerning the motion for reconsideration because the motion was filed within the ten-day period stated in the rule. *See Murchison v. Safeco Ins. Co. of Ill.*, 367 Ark. 166, 238 S.W.3d 11 (2006). Under

the computation rules in Ark. R. Civ. P. 6(a), the ten-day period would have expired on January 7, 2008, if the judgment was entered on December 19, 2007.

▪ Under Rule 4(b)(1), petitioner's motion for reconsideration would have been deemed denied on the thirtieth day after it was filed, which was Friday, February 1, 2008. In that case, petitioner has received the relief he requests, that is a ruling on his motion for reconsideration, albeit through operation of law rather than a written order. The issue is therefore moot. *See Honeycutt v. Foster*, 371 Ark. 545, 268 S.W.3d 875 (2007).

▪ If the judgment was actually entered on an earlier date, Rule 4(b)(1) may not, under the reasoning in *Murchison*, be applicable. If, instead, Ark. R. Civ. P. 60 were applicable, the circuit court has now lost jurisdiction to provide the requested relief. The trial court loses jurisdiction to set aside or modify an order under Rule 60 if it does not do so within ninety days of the entry of the original order, even though petitioner's motion may have been filed prior to expiration of that period. *Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 235 S.W.3d 487 (2006); *City of Little Rock v. Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989). Petitioner pleaded no basis for any of the exceptions to the ninety-day limitation in Rule 60. Because the circuit court would have no jurisdiction to provide the relief petitioner requested, even were Rule 60 the applicable provision, the issues in his motion are now moot.

Petition moot.