SEIDENSTRICKER FARMS *v.* WARREN N. DOSS AND ETTA A. DOSS FAMILY TRUST, Warren N. Doss, Individually and as Trustee of the Warren N. Doss and Etta A. Doss Family Trust, Etta A. Doss, Individually and as Trustee of the Warren N. Doss and Etta A. Doss Family Trust

08-273                                                     286 S.W.3d 142

Supreme Court of Arkansas
Opinion delivered June 26, 2008

[Rehearing denied September 4, 2008.*]

*Berry Law Firm*, by: *Russell D. Berry*, for appellant.

---

* HANNAH, C.J., and GLAZE and CORBIN, JJ., would grant rehearing.

*Dover Dixon Horne, PLLC,* by: *Gary B. Rogers* and *Monte D. Estes,* for appellees.

AnnABELLE Clinton Imber, Justice. Earlier this year, in *Seidenstricker Farms v. Doss,* 372 Ark. 72, 270 S.W.3d 842 (2008), we heard an appeal on the merits of the instant case. In this second appeal, we are asked to review the circuit court's order granting attorney's fees.

Appellant Seidenstricker Farms had a leasehold agreement with Appellees Warren and Etta Doss, and their predecessors, for several years. However, in 2001, the Dosses informed Seidenstricker Farms that the lease would be terminated for the following year. Seidenstricker Farms then filed a complaint alleging wrongful termination of the lease and requesting damages for lost profits and the cost of repairs and improvements to the property. After a bench trial, the circuit court entered a judgment in favor of the Dosses, finding that the lease was properly terminated. Seidenstricker Farms appealed to this court, and we reversed in *Seidenstricker I,* concluding that the Dosses wrongfully terminated the lease. *Seidenstricker I,* 372 Ark. at 79. We then remanded the case for proceedings on the issue of damages. *Id.*

While the initial appeal on the merits was pending, the Dosses filed a motion for attorney's fees with the circuit court. Seidenstricker Farms filed a response asserting that the fee amount requested by the Dosses was unreasonable. The circuit court entered an order awarding the Dosses attorney's fees on November 7, 2007, and Seidenstricker Farms filed a notice of appeal from that order on December 3, 2007.

On January 15, 2008, after this court reversed the circuit court's decision in *Seidenstricker I,* Seidenstricker Farms filed a motion to vacate the order awarding attorney's fees. In the motion, Seidenstricker Farms argued that after this court's decision in *Seidenstricker I,* the Dosses were no longer the "prevailing party" for purposes of Arkansas Code Annotated § 16-22-308 (Repl. 1999). The circuit court, however, never ruled on the motion to vacate.

Now, on appeal, Seidenstricker Farms makes the same "prevailing party" arguments as it made in the motion to vacate. Unfortunately, because Seidenstricker Farms did not obtain a ruling on the motion to vacate, its arguments were not preserved for appeal.

Pursuant to Arkansas Code Annotated § 16-22-308, the prevailing party in a contract action may be awarded attorney's fees. *Id.* Arkansas Rule of Civil Procedure 54(e) governs the procedures for claiming attorney's fees. *See* Ark. R. Civ. P. 54(e) (2008). The rule dictates that a party has fourteen (14) days after the entry of judgment to file a claim for attorney's fees. *Id.* The comments to that rule clearly state that the time for filing an attorney's-fees claim shall not be extended due to a pending appeal on the merits. Ark. R. Civ. P. 54(e), Rpt. Notes 1997. However, a circuit court may choose to defer the determination of attorney's fees until after an appeal on the merits is decided, and in addition "[a] new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court." *Id.*

In the instant case, there is no dispute that the Dosses made a timely claim for attorney's fees, the circuit court entered an order granting the Dosses' claim, and Seidenstricker Farms filed a timely notice of appeal from that order. Neither is there any argument that the circuit court should have extended the time for filing fee claims until after the pending appeal on the merits. The arguments Seidenstricker Farms made prior to filing the notice of appeal were with regard to the reasonableness of the fee awarded to the Dosses, but the arguments now being made upon appeal are the same "prevailing party" arguments made in the motion to vacate. Thus, the question remains whether this court can address the questions raised in Seidenstricker Farms's motion.

Under Rule 60(a), a circuit court may vacate an order within ninety (90) days of its being entered. Ark. R. Civ. P. 60(a) (2008). We have repeatedly held that a circuit court loses jurisdiction to vacate an order under Rule 60(a) when it fails to do so within ninety (90) days of the entry of the order. *See Henson v. Wyatt*, 373 Ark. 315, 283 S.W.3d 593 (2008); *New Holland Credit Co., LLC v. Hill*, 362 Ark. 328, 208 S.W.3d 191 (2005).[1]

Here, the circuit court made an award of attorney's fees in favor of the Dosses pursuant to Rule 54(e), and Seidenstricker Farms filed a timely notice of appeal from the attorney's-fees order. At the time, Seidenstricker Farms objected to the

---

[1] The circuit court's lack of jurisdiction deprives our court of jurisdiction to address the arguments made in the motion to vacate. It is well settled that jurisdictional issues may be raised sua sponte by this court. *James v. Williams*, 372 Ark. 82, 270 S.W.3d 855 (2008).

circuit court's order based upon the alleged unreasonableness of the fees awarded. Following this court's opinion in *Seidenstricker I,* Seidenstricker Farms filed a motion to vacate under Arkansas Rule of Civil Procedure 60(a), shifting to an argument that the Dosses were no longer the prevailing party. Seidenstricker Farms never obtained a ruling on the motion.[2] Once ninety (90) days had elapsed from the entry of the attorney's-fees order in this case, the circuit court lost jurisdiction to rule on the motion, and the arguments in the motion essentially died. Moreover, Seidenstricker Farms also did not file an additional notice of appeal citing the motion to vacate. Instead, Seidenstricker Farms proceeded with this appeal based upon the notice of appeal filed in response to the circuit court's rejection of its "reasonable fees" argument. Accordingly, Seidenstricker Farms's arguments on appeal were not preserved.

It is elementary that our court will not consider arguments that were not preserved for appellate review. *Sykes v. Williams,* 373 Ark. 236, 283 S.W.3d 209 (2008). We will not do so because it is incumbent upon the parties to raise arguments initially to the circuit court and to give that court an opportunity to consider them. *Id.* Otherwise, we would be placed in the position of reversing a circuit court for reasons not addressed by that court. *Id.* Because Seidenstricker Farms did not preserve the "prevailing party" argument made on appeal, we cannot consider that argument and must affirm the circuit court's order granting the Dosses' claim for attorney's fees.[3]

HANNAH, C.J., and GLAZE, and CORBIN, JJ., dissent.

JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. The circuit court should be reversed, and this case should be remanded for reconsideration of the grant of attorney's fees to Doss. Doss is now the losing party but holds an order awarding attorney's

---

[2] One of the dissenting opinions is based upon the premise that "Doss is now the losing party." The dissent, thus, appears to be deciding who the "prevailing party" should be, even though the record before us does not reflect whether the circuit court has ruled on the issue of damages following our remand of the case in *Seidenstricker I.*

[3] Our holding affirming the circuit court's original attorney's-fees order has no bearing on any future attorney's-fees ruling the circuit court might make after entry of a judgment upon remand. *See* Ark. R. Civ. P. 54(e), Rpt. Notes 1997.

fees. A losing party is not entitled to attorney's fees. *See* Ark. Code Ann. § 16-22-308 (Repl. 1999).[1]

When this court remanded the case in *Seidenstricker I,* the circuit court should have reconsidered the grant of attorney's fees.[2] Under the remand, the circuit court was to recommence its work on the case at the point it decided that Doss prevailed on its argument on the termination of the lease. This case was remanded for "proceedings on the issue of damages, if any." *Seidenstricker,* 372 Ark. 72, 79, 270 S.W.3d 842, 847 (2008). This was a point in the case before it had granted the attorney's fees. When a case is remanded for further proceedings, the circuit court begins anew at the point where this court found error. *See Hill v. State,* 341 Ark. 211, 16 S.W.3d 539 (2000).

Further, this court should order the circuit court to reconsider the issue of attorney's fees because a losing party may not be awarded attorney's fees. That is an absurd result. It is not permitted under the law.[3] This court compounds that error because this unlawful judgment is now made final by the doctrine of res judicata. Such an interpretation of our appellate rules would lead to an absurd result, and this court has often stated that we will not adopt an interpretation of the law that leads to an absurd result. *See, e.g., Fountain v. State,* 348 Ark. 359, 72 S.W.3d 511 (2002).

The principle of refusing to interpret the law in a way that leads to an absurd result is at the heart of our common law system. The common law is a "mode of judicial and juristic thinking, a mode of treating judicial problems rather than a fixed body of definite rules." Roscoe Pound, *The Spirit of the Common Law* 1 (1921). Under the common law, we apply the judicial experience of the past to the cause at hand rather than simply attempting to

---

[1] There is no need to discuss the majority's analysis on jurisdiction and Ark. R. Civ. P. 60 because there was neither a decision on the motion to vacate nor a notice of appeal that would allow this court to consider the motion to vacate. Further, the parties never raised the issue of Rule 60. I note though, that while Seidenstricker's arguments made in the motion to vacate are not relevant to that motion given it is not before this court, those arguments are relevant to the issue of an absurd result.

[2] It is not clear from the record whether the circuit court has reconsidered the grant of attorney's fees.

[3] Arkansas follows the American Rule that attorney's fees are not chargeable as costs in litigation unless permitted by statute. *Davis v. Williamson,* 359 Ark. 33, 194 S.W.3d 197 (2004). Fees in this case were granted under Ark. Code Ann. § 16-22-308 (Repl. 1999), which only grants fees to the prevailing party.

place the cause in an exact pigeon hole. Pound, *supra*, at p. 3. However, the majority mechanically applies the rules as if we are devoid of any power beyond applying a fixed body of definite rules. In this case, we must look at the appellate rules and recognize that they were never intended to allow this result. The circuit court never intended this result. The law does not allow this result. To heedlessly adhere to the exact language of the rules without regard to the effect is contrary to our duty under the common law and as the superintending court under Ark. Const. Amend. 80. I would reverse and remand the case for the circuit court to consider the issue of attorney's fees anew.

CORBIN, J., joins.

TOM GLAZE, Justice, dissenting. I dissent. The majority has dismissed this appeal based on an issue it raised sua sponte — i.e., the fact that Seidenstricker Farms did not properly preserve its "prevailing party" argument for appeal. However, neither the appellant nor the appellee raised or addressed the issue of the interplay between Ark. R. Civ. P. 60(a) and the "deemed denied" rule in Ark. R. App. P.–Civ. 4(b). I would give the parties an opportunity to consider and address these issues before dismissing the appeal out of hand.