Cite as 2025 Ark. App. 453

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-24-239

| | |
|---|---|
| MIGHTY GOOD SOLUTIONS, LLC; AND BENJAMIN RENDO<br><br>APPELLANTS<br><br>V.<br><br>THE RETAIL FIRM, LLC<br><br>APPELLEE | Opinion Delivered October 1, 2025<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-1710]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Appellants Mighty Good Solutions, LLC; and Benjamin Rendo appeal from an order that awarded $96,332 in attorney's fees to appellee The Retail Firm, LLC. These attorney's fees arose from a companion case, *Mighty Good Solutions, LLC v. The Retail Firm, LLC*, 2025 Ark. App. 452, ___ S.W.3d ___ (*Mighty Good I*), also handed down today. We affirm the award of attorney's fees to Retail Firm.

On July 11, 2023, the circuit court granted summary judgment in favor of Retail Firm in its lawsuit for breach of contract arising out of Mighty Good and Retail Firm's "Termination Agreement" and Rendo's accompanying personal "Guaranty." Retail Firm was awarded judgment against Mighty Good and Rendo, jointly and severally, in the amount of $980,000 plus postjudgment interest in the amount of 7.25 percent per annum. Mighty Good and Rendo timely appealed from the grant of summary judgment in *Mighty Good I*.

On July 20, 2023, Retail Firm moved for attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999) as the prevailing party on its breach-of-contract claims and because it successfully defended Mighty Good and Rendo's counterclaims. Mighty Good and Rendo opposed the motion, arguing, inter alia, that section 16-22-308 does not apply "because the Termination Agreement specifically sets forth Retail Firm's sole remedy, which does not include reimbursement for attorney's fees." On December 22, 2023, the circuit court entered an order awarding Retail Firm fees against Mighty Good and Rendo, jointly and severally, in the amount of $96,332. On January 19, 2024, Mighty Good and Rendo filed an amended notice of appeal seeking review of the fee award.

On appeal, Mighty Good and Rendo challenge the circuit court's fee award on two grounds: (1) the circuit court's award of attorney's fees to Retail Firm should be overturned if the underlying summary judgment in the companion case is reversed because Retail Firm will no longer be the prevailing party; and (2) the Termination Agreement and Guaranty prohibit or limit an award of attorney's fees.

The general rule relating to attorney's fees is well established: attorney's fees are not allowed except when expressly provided by statute. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718 (1990). Arkansas allows a prevailing party in a breach-of-contract case to recover reasonable attorney's fees. Ark. Code Ann. § 16-22-308. The statute provides:

> In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

*Id.* We will not reverse the circuit court's decision whether to award statutory attorney's fees absent an abuse of discretion. *McDermott Brandon Props., LLC v. Wheeler*, 2023 Ark. App. 269, at 13, 669 S.W.3d 229, 238.

Retail Firm argues that Mighty Good and Rendo failed to preserve the argument asserted in their first point on appeal—that if we reverse the underlying summary judgment in the companion case, *Mighty Good I*, we should also reverse the award of attorney's fees to Retail Firm because Retail Firm would no longer be the prevailing party. We agree that it does not appear from the record that this "prevailing party" argument was raised and ruled on in the circuit court, thus precluding review of the argument on appeal. *See Seidenstricker Farms v. Doss*, 374 Ark. 123, 126, 286 S.W.3d 142, 144 (2008) (holding that failure to preserve "prevailing party" argument precluded consideration of argument on appeal). In any case, because we affirm the underlying grant of summary judgment on direct appeal in *Mighty Good I*, Mighty Good and Rendo's argument has essentially been rendered moot. *See Advantage Prop. Mgmt. v. Burkard*, 2024 Ark. App. 343, at 2.

In their second point on appeal, Mighty Good and Rendo contend that the Termination Agreement prohibits an award of attorney's fees. We disagree. The Termination Agreement provides: "The sole monetary remedy of each party in the event of any breach hereunder shall be a demand seeking the recovery of monetary damages actually suffered." Mighty Good and Rendo misconstrue this provision as precluding an award of "reasonable attorney's fee to be assessed by the court and collected as costs[,]" as permitted under section 16-22-308.

Attorney's fees are not damages. In general, damages recoverable for breach of contract are those damages that would place the injured party in the same position as if the contract had not been breached. *Advantage Prop. Mgmt. v. Burkard*, 2024 Ark. App. 342, at 9, 690 S.W.3d 157, 164. Damages must arise from the wrongful acts of the breaching party. *Id.* at 9–10, 690 S.W.3d at 164. Retail Firm's request for attorney's fees "was collateral or supplemental to the underlying litigation on the contract." *Childs v. Adams*, 322 Ark. 424, 436, 909 S.W.2d 641, 647 (1995). The circuit court's fee award was not a remedy for Mighty Good and Rendo's breach. *See id.* (policy supporting election-of-remedies doctrine was not a valid consideration with respect to fee request).

Last, Mighty Good and Rendo seemingly concede, and for good reasons, that the Guaranty expressly provides for attorney's fees:

> Guarantor acknowledges and agrees that if . . . this Guaranty is . . . collected through any legal proceeding . . . then the Guarantor shall pay to Retail Firm upon demand all fees, costs and expenses incurred by The Retail Firm in connection therewith, including, without limitation, attorneys' fees, court costs and filing fees . . . in addition to all other amounts due hereunder.

In sum, the circuit court did not abuse its discretion in awarding Retail Firm attorney's fees in the amount of $96,322 against Mighty Good and Rendo, jointly and severally.

Affirmed.

KLAPPENBACH, C.J., and WOOD, J., agree.

*Rose Law Firm, a Professional Association*, by: *Mary-Tipton Thalheimer*; and *Graves Garrett*, by: *Edward D. Greim*, *pro hac vice*, for appellants.

4

*Friday, Eldredge & Clark, LLP*, by: *Martin A. Kasten*, *Marshall S. Ney*, and *Kael K. Bowling*, for appellee.