Marvella SANDERS *v.* Nancy MINCEY

93-1399                                    879 S.W.2d 398

Supreme Court of Arkansas
Opinion delivered June 27, 1994

*Paul N. Ford*, for appellant.

*Joe Benson*, for appellee.

STEELE HAYS, Justice. Appellant Marvella Sanders brought this action against Ms. Nancy Mincey for damages arising out of an automobile accident. After a jury verdict for the plaintiff the trial court granted a motion by Ms. Mincey for judgment n.o.v. On appeal we find the trial court erred in setting aside the jury verdict.

At approximately 6:00 a.m. on March 25, 1992 Ms. Marvella Sanders was travelling north on State Highway 5 in Baxter County, Arkansas. It had been misting that morning, and there was a heavy fog. As she entered a curve in front of the residence of Ms. Mincey, Ms. Sanders observed three white guinea hens on the highway. Ms. Sanders applied her brakes at approximately the same time as the first guinea hen struck the grill of her Blazer. As her vehicle began skidding, Ms. Sanders felt the impact of the second guinea hen and lost control of her vehicle. Ms. Sanders' vehicle crossed the center line and collided with an on-coming vehicle.

Ms. Sanders brought suit alleging that Ms. Mincey was negligent in failing to keep her guinea hens off the highway. The jury returned a ten-person majority verdict in favor of Ms. Sanders in the amount of $35,000. In granting the judgment n.o.v. the trial court found: (1) there was no proof showing Ms. Mincey knew her guineas were ever on the highway in front of her house; (2) there was no proof that Ms. Mincey should have known the guineas would get on the highway; and, (3) there was no proof that Ms. Mincey knew or should have known guineas posed a likely danger of injury or damage to others. In addition, the trial court concluded the verdict was clearly contrary to the evidence and conditionally granted Ms. Mincey's motion for new trial should judgment for Ms. Mincey be reversed on appeal. Ms. Sanders appeals from that order.

In reviewing the granting of a judgment n.o.v., as with a directed verdict, we will affirm only if there is no substantial evidence to support the jury verdict. *Yielding* v. *Chrysler Motor Co.*, 301 Ark. 271, 783 S.W.2d 353 (1990). We review the evidence and any reasonable inferences deducible therefrom in the light most favorable to the party against whom the judgment n.o.v. was entered. *Id.* Substantial evidence must be of sufficient force and character to compel a conclusion one way or another;

it must force or induce the mind to pass beyond suspicion or conjecture. *Id.*

Pursuant to AMI Civil 3rd. 1601 (1989), the jury was instructed as follows: "A person having custody of guineas has a duty to use ordinary care to keep her animals from running at large, when she knows or reasonably should know that such animals are likely to cause injury or damage to others." The trial court found there was no proof that Ms. Mincey knew or should have known her guineas were ever on the highway in front of her house and there was no proof that Ms. Mincey knew or should have known guineas posed a likely danger of injury or damage to others.

The evidence, viewed in the light most favorable to Ms. Sanders, is as follows: Ms. Mincey testified she owned ten guineas on March 25, 1992. She stated the guineas had not been kept in a pen or enclosure since November or December of 1991. Ms. Mincey's horse had damaged the chicken roost in which the guineas were kept. Ms. Mincey testified she attempted to catch the guineas; however, the chicken roost was never repaired. She stated the guineas left the premises and she considered them wild.

Although Ms. Mincey considered the guineas wild, she testified "I saw them from time to time on our property, but for three to four days at a time not on our property." In addition, she testified "[t]hey would just maybe walk across the property through the horse pasture and then I would always see them head toward the back, the rear of the property." Mr. Don Callentine, a neighbor of Ms. Mincey's, testified he had observed guineas roosting in the trees on and off Ms. Mincey's property. Further, Mr. Jim Shaw testified he had seen guineas in the highway in front of Ms. Mincey's house prior to the accident.

There was no proof that Ms. Mincey knew the guineas had been in the road; however, we find that allowing the guineas to run at large raised a reasonable likelihood of injury under common law. In *Bolstad* v. *Pergeson*, 305 Ark. 163, 806 S.W.2d 377 (1991), the Bolstads' dog crashed into the plaintiff's vehicle while the dog was chasing a squirrel. In affirming the judgment in favor of the plaintiff, we noted that it is not necessary to foresee a particular injury, but only to foresee that the general act or omission

is likely to cause injury. We emphasized that, although the dog had not exhibited a penchant for crashing into cars, the dog had run at large before and chased squirrels. Further, we stated: "we cannot say that a dog running at large and chasing squirrels, with all the disruption that entails, either in a parking lot or on a city street did not raise a reasonable likelihood of injury under common law."

■■ It is well established that the owner of livestock is liable when damage results from his intentionally or negligently permitting animals to run at large. *Smith* v. *R.A. Brooks Trucking Co.*, 280 Ark. 510, 660 S.W.2d 1 (1983). In *Van Houten* v. *Pritchard*, 315 Ark. 688, 870 S.W.2d 377 (1993), we noted that "owners of cattle, horses, and *other large farm animals* that could cause substantial damage if allowed to run at large have a duty to control their animals." (Emphasis supplied.) Indeed, our cases which have addressed the liability of a livestock owner have involved the owners of large farm animals such as cattle and horses. *Smith* v. *R.A. Brooks Trucking Co.*, 280 Ark. 510, 660 S.W.2d 1 (1983); *Cosby* v. *Oliver*, 265 Ark. 156, 577 S.W.2d 399 (1979); *Prickett* v. *Farrell, Adm'r*, 248 Ark. 996, 455 S.W.2d 74 (1970). However, Ark. Code Ann. § 5-62-122 (Repl. 1993) provides in part:

> (a) A person commits the offense of permitting livestock to run at large if, being the owner or person charged with the custody and care of livestock, he knowingly permits such livestock to run at large.

> (b) For purposes of this section, livestock includes horses, mules, cattle, goats, sheep, swine, *chickens, ducks, and similar animals and fowl commonly raised or used for farm purposes.*

(Emphasis supplied.) Based upon this statute, chickens and similar fowl commonly raised or used for farm purposes are considered livestock. The violation of a statute prohibiting livestock from running at large is evidence of ordinary negligence. *Rogers* v. *Stillman*, 223 Ark. 779, 268 S.W.2d 614 (1954).

In *Oliver* v. *Jones*, 239 Ark. 572, 393 S.W.2d 248 (1965), we concluded there was sufficient testimony of a cattle owner's negligence to take the case to the jury. As Jones was driving his

car on a state highway, he struck a yearling which resulted in damage to the car. With regard to Oliver's negligence, we noted the Sheriff had testified regarding a continuous complaint of cattle running at large on the highway at the point where the accident occurred. Further, one witness testified he had seen the defendant's cattle on the highway and another witness testified the cattle had been on the highway, at or near this place, for about five hours before the mishap.

There are circumstances under which an owner may be liable for failure to exercise ordinary care to control or restrain a domestic animal. *See* AMI Civil 3rd. 1601 (1989); *Van Houten*, supra. In the instant case, Ms. Mincey permitted ten guinea hens to run at large for nearly four months. Ark. Code Ann. § 5-62-122 prohibits an owner of livestock, including fowl, from knowingly permitting such livestock to run at large. Ms. Mincey was aware that the guineas were on her property which is immediately adjacent to State Highway 5. Because the guineas were allowed to run at large in such close proximity to the highway, we find there was a reasonable likelihood that the guineas would get on the highway and cause injury. Even with a small animal such as a guinea hen, the possibility of ten animals in the highway raises a reasonable likelihood of injury to motorists travelling on the roadway. Thus, we find there is substantial evidence to support the jury verdict.

The appellee contends the appellant was negligent in failing to keep a proper lookout, failing to maintain control of her vehicle, and failing to drive at a reasonable speed. The testimony indicated it was misty and foggy at the time of the accident. Roger Vickers, Arkansas State Police Officer, testified there were eighty feet of skid marks from the appellant's vehicle. In the officer's opinion, the appellant was driving too fast and took the wrong evasive action. Officer Vickers testified the guinea hen was not big enough that Ms. Sanders should have even attempted to avoid hitting the hen. Further, Ms. Sanders testified she had observed some guineas in the area on prior occasions. However, Ms. Sanders testified she was driving the road safely at the time of the accident. The question of credibility of a witness is one for the jury and not for the trial court. *Mays* v. *State*, 303 Ark. 505, 798 S.W.2d 75 (1990).

■ . As to the conditional granting of a new trial, the test an appellate court applies on review of the granting of the motion is whether the trial court abused its discretion. *Razorback Cab of Ft. Smith, Inc.* v. *Martin*, 313 Ark. 445, 856 S.W.2d 2 (1993). A trial court may not substitute its view of the evidence for that of the jury and grant a new trial unless the verdict is clearly against the preponderance of the evidence. *Id.*; Ark. R. Civ. P. 50(a). A showing of abuse is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Razorback*, supra.

■ Because there was testimony of a substantial nature which supported the jury's conclusion that Ms. Mincey should have known the guinea hens posed a likely danger of injury or damage to others, we cannot agree that the verdict was clearly contrary to the evidence. We find the trial court substituted its view of the evidence in lieu of the jury and the conditional grant of a new trial was a manifest abuse of discretion.

Accordingly, we reverse the judgment n.o.v. and remand with instructions to reinstate the jury's verdict.