2013 Ark. App. 409

**Edward COLLINS and Quinn Collins, Appellants,**

v.

**CITY OF BRYANT, Appellee.**

No. CV–12–1053.

Court of Appeals of Arkansas.

June 19, 2013.

Richard Mays Law Firm, PLLC, Heber Springs, by: Richard H. Mays, for appellants.

M. Keith Wren, Little Rock, for appellee.

PHILLIP T. WHITEAKER, Judge.

Appellants Edward and Quinn Collins appeal from a Saline County Circuit Court order setting aside an award of attorney's fees and costs. Appellee City of Bryant (the City) cross-appeals the trial court's denial of its request to have a judgment entered in its favor. We reverse on the Collinses' direct appeal and affirm on the City's cross-appeal.

## I. *Procedural History*

The Collinses filed a complaint against the City and Richard Penn, Director of Public Works, seeking relief for the City's alleged failure to comply with the terms and conditions of an agreement between the parties for the location of a storm-drainage easement on the Collinses' property. They requested an injunction to require the City to complete work on the easement, damages for the loss of use of their property and breach of contract, and attorney's fees and costs.

A jury returned a verdict in favor of the Collinses and assessed damages in the amount of $70,000. The trial court subsequently entered a judgment for that amount, and the City timely appealed.

After an appeal of the judgment was filed, the Collinses requested an award of attorney's fees and costs as the prevailing party. The trial court granted their request, awarding attorney's fees in the amount of $27,700 and nontaxable costs of $1,606.38. A judgment for that amount

was filed on March 29, 2011. The City did not file a notice of appeal from that award or amend its previous notice of appeal.

On November 16, 2011, this court reversed the jury's verdict, which found the City liable to the Collinses. *City of Bryant v. Collins*, 2011 Ark. App. 713, 386 S.W.3d 699. In so doing, this court found that Penn did not have the authority to bind the City to a contract with the Collinses and that the City had not ratified any unauthorized agreement with them. The court's opinion did not order remand or dismissal; rather, it merely stated that the jury's verdict was reversed. The Collinses filed a petition for review, which was denied by the supreme court on May 31, 2012.

On July 11, 2012, the City filed a motion to set aside the judgment for attorney's fees and costs on the basis that the Collinses were no longer the prevailing party. On September 17, 2011, the City filed a motion for entry of a judgment in its favor.

On September 25, 2012, the trial court denied the City's motion to enter a judgment in its favor but granted the City's motion to set aside the March 29, 2011 order awarding attorney's fees to the Collinses. The Collinses appeal the portion of the order setting aside |₃the award of attorney's fees and costs, and the City cross-appeals the trial court's denial of its request to have a judgment entered in its favor after the reversal.

II. *Direct Appeal—Attorney's Fees*

■ The Collinses argue that Rule 60 of the Arkansas Rules of Civil Procedure prohibited the trial court from setting aside the award of attorney's fees. Under Rule 60(a), a circuit court may vacate an order

within ninety (90) days of its entry.[1] Ark. R. Civ. P. 60(a) (2012). The trial court recognized that Rule 60 of the Arkansas Rules of Civil Procedure prohibits courts from modifying an order more than ninety days after its entry and further recognized that the order awarding attorney's fees in this case was more than ninety days old. However, the trial court, citing the dissenting opinion in *Seidenstricker Farms v. Doss*, 374 Ark. 123, 286 S.W.3d 142 (2008), found that a mechanical application of Rule 60 under these facts would create an absurd result in which a nonprevailing party in a contract action would be awarded attorney's fees and costs.

■ Where an order granting or denying attorney's fees is entered after entry of the judgment, the issue of attorney's fees is a collateral matter. *Craig v. Carrigo*, 353 Ark. 761, 121 S.W.3d 154 (2003). As such, the challenging party must file a notice of appeal from the fee order, and without such a notice, this court will not address any argument on the fee issue. *Id.* at 777, 121 S.W.3d at 164. The City could have filed a notice of appeal from the award of fees and costs, or it could have filed an amended notice of appeal incorporating that |₄award. Under those circumstances, this court would have had jurisdiction to review the matter in the original appeal. However, the City never filed a notice of appeal from the attorney's fee award, and this court never obtained jurisdiction to review it. We also note that the City could have requested that the trial court defer the determination of attorney's fees until after the appeal on the merits had been decided. Again, the City did not do so.

The order awarding attorney's fees and costs was entered on March 29, 2011. The

---

1. A judgment may be set aside after ninety days ˙pursuant to Rule 60(c) under certain limited circumstances not at issue here.

circuit court lost jurisdiction to vacate the order under Rule 60(a) when it failed to do so within ninety days of the entry of the order. *See Seidenstricker Farms, supra; Henson v. Wyatt,* 373 Ark. 315, 283 S.W.3d 593 (2008); *New Holland Credit Co. v. Hill,* 362 Ark. 329, 208 S.W.3d 191 (2005).

### III. *Cross–Appeal—Entry of Judgment in Favor of the City*

██ The City cross-appeals, arguing that, because this court's opinion in *Collins I* only reversed the jury's verdict, it was entitled to have a judgment entered in its favor. In support of its argument, the City cites *Yu v. Metro. Fire Extinguisher Co.,* 94 Ark.App. 317, 230 S.W.3d 299 (2006) and *Sanders v. Mincey,* 317 Ark. 398, 879 S.W.2d 398 (1994). Those cases are distinguishable because the decisions in those cases specifically remanded with instructions that a judgment be entered. Additionally, unlike here, the decisions in those cases resulted in outcomes in favor of the plaintiff, who would need a corrected judgment upon which to execute. This court in *Collins I,* reversed the jury's verdict and issued a mandate. That was all that was necessary to conclude the matter under those circumstances. The City also alludes to Rules 49 and 58, which do no more than state that the trial court shall enter a judgment on the verdict or decision of the court granting or denying relief. As such, they are not applicable.

Reversed on direct appeal; affirmed on cross-appeal.

GLADWIN, C.J., and WYNNE, HIXSON, and BROWN, JJ., agree.

HARRISON, J., dissents.

BRANDON J. HARRISON, Judge, dissenting.

I disagree with the majority's use of Rule 60 to reinstate the attorney's-fee award. We should affirm the circuit court's decision to vacate the award. Doing so would respect a prior precedent from this court, fundamental notions of fairness, and no case from our supreme court requires otherwise.

In November 2010, the circuit court held a trial on the plaintiffs' complaint. The main issue tried was whether a city employee was authorized to contract with the Collinses on the location of a storm-drainage easement on the Collinses' property. The jury found for the Collinses and returned a $70,000 verdict in their favor; a judgment on the jury verdict was subsequently entered. The Collinses then moved for an attorney's-fee award under Ark. Code Ann. § 16–22–308 (Repl.1999), and the circuit court awarded them $27,000 by separate judgment. The city appealed the judgment on the jury verdict. It did not name the fee award in the first notice of appeal. It did not file an amended notice of appeal from the adverse fee award.

This court heard the city's appeal on the merits and reversed. Here are the final lines in the *Collins I* opinion: "We reverse the jury's verdict finding the city liable to the [Collinses]." *City of Bryant v. Collins,* 2011 Ark. App. 713, at 10, 386 S.W.3d 699, 704. The disposition of the opinion is "Reversed," not "Reversed and Dismissed." A mandate was issued in due course; it stated that the case was "reversed for the reasons set out in the attached opinion."

After the mandate was issued, the city moved the circuit court to vacate the Collinses' attorney's-fee award, arguing that this court's reversal of the adverse jury verdict meant that the Collinses were no longer a prevailing party under Arkansas law; thus, the related fee award could not stand. As the majority points out, the Collinses here argue that the circuit court lost jurisdiction to vacate the fee award 90

days after its initial entry on 29 March 2011 because the city did not expressly appeal the fee award to this court in *Collins I*. The majority agrees with the Collinses' Rule 60 argument that the circuit court lacked jurisdiction to vacate the fee award. I cannot agree that Rule 60 prevents the circuit court from vacating the attorney's-fee award given this court's reversal of the very judgment on which the Collinses' fee award was based.

In my view, an attorney's-fee award based on Judgment X should fail as a matter of law when Judgment X is wholly vacated on the merits—and the connection between the judgment and the subsequent fee award is clear from the record, as it is here. Because *Collins I* vacated the judgment that directly supported the Collinses' fee award, the circuit court in this case correctly granted the City of Bryant's motion to vacate the fee award. When the Collinses' breach-of-contract claim was reversed on the merits, their related fee award should have necessarily abated.

This view is not unprecedented. We recently held—without being asked to do so by any party—that a reversal of the judgment on a jury verdict necessarily required a reversal of the related attorney's-fee award as well. The case is *Harp v. Security Credit Services, LLC*, 2013 Ark. App. 202, at 5, 2013 WL 1228754. And there we held: "The judgment of the trial court is hereby reversed, and the case is remanded to circuit court. Because the underlying judgment that formed the basis for the award of attorney's fees has been reversed, the order awarding attorney's fees to appellee is likewise reversed." The takeaway from *Harp* is that this court, on its own initiative, reversed the attorney's-fee award as it vacated the underlying judgment.

Some procedural detail puts *Harp's* importance to this case into perspective.

The record on file with this court's clerk and the parties' appellate briefs in that case show that Joanie Harp, the losing party in the circuit court who was ordered to pay an attorney's fee to Security Credit Services, LLC, did not appeal the separate fee award. Her only notice of appeal expressly appealed the merits-related judgment against her; the notice did not mention the adverse fee order that the circuit court entered days later. Moreover, Harp's principal brief on appeal did not raise the adverse fee award as a point in her appeal to this court. That is why our *Harp* opinion does not state that the fee issue was appealed. It wasn't. These undisputed procedural facts, joined with this court's holding, make *Harp* a controlling precedent here.

Because this court has not followed *Harp* or explained why it should not be followed, there is, as of today, a conflict in the law on when a prevailing party-turned-losing party may keep a fee award under section 16–22–308.

The Collinses may understandably attach importance to this court's and our supreme court's repeated references to the "collateral" nature of an attorney's-fee award. But if the collateral nature of a fee award is the, or even a, pivotal consideration, then the *Harp* attorney's-fee issue would have been decided differently; there simply is no material difference between *Harp* and this case. The fee award evaporated as a matter of law in *Harp* when we reversed the judgment on the merits. The same result should issue here.

Moving to our supreme court's case law, I stated earlier that no precedent requires us to reverse the direct-appeal issue. The Collinses cite *Seidenstricker Farms v. Doss*, 374 Ark. 123, 286 S.W.3d 142 (2008) to support their Rule 60 jurisdictional argument. I understand, but disagree with, their (and the majority's) reliance on that

case. In *Seidenstricker Farms,* a four-member majority of the supreme court noted, first and foremost, that the court lacked jurisdiction to decide *Seidenstricker Farms*'s fee issue—and for a reason wholly unrelated to Rule 60. In fact, the Rule 60 discussion was unnecessary because Seidenstricker Farms had failed to get a ruling from the circuit court on its motion to vacate the attorney's-fee award against it in the first place. That failure alone precluded the court from going further. The telling excerpt from the supreme court's opinion makes the point:

On January 15, 2008, after this court reversed the circuit court's decision in *Seidenstricker [Farms ] I [v. Doss,* 372 Ark. 72, 270 S.W.3d 842 (2008) ], Seidenstricker Farms filed a motion to vacate the order awarding attorney's fees. In the motion, Seidenstricker Farms argued that after this court's decision in *Seidenstricker I,* the Dosses were no longer the "prevailing party" for purposes of Arkansas Code Annotated § 16–22–308 (Repl.1999). The circuit court, however, never ruled on the motion to vacate [the attorney's-fee award].

Now, on appeal, Seidenstricker Farms makes the same "prevailing party" arguments as it made in the motion to vacate. Unfortunately, because Seidenstricker Farms did not obtain a ruling on the motion to vacate, its arguments were not preserved for appeal.

*Seidenstricker Farms,* 374 Ark. at 124, 286 S.W.3d at 143.

True, the supreme court went on to discuss Rule 60, but that discussion is dictum because the court could have stopped at the threshold, the threshold being Seidenstricker Farms's failure to get a ruling on its motion to vacate the attorney's fee while in the circuit court. Our supreme court has "made it clear that it is not bound by any conclusion stated as obiter dictum." *Ward v. Williams,* 354 Ark. 168, 176, 118 S.W.3d 513, 518 (2003). It has further held that while a decision will not be disturbed because it is law of the case, we are not bound by a conclusion stated as obiter dictum, even if couched in terms that imply the court reached a conclusion on a matter. Where discussion or comment in an opinion is not necessary to the decision reached therein, the discussion or comment is obiter dictum.

*Id.* (internal citations omitted).

This case is materially different from *Seidenstricker Farms.* Here, the city sought and received from the circuit court an express ruling on its motion to vacate the attorney's-fee award, and the Collinses directly appealed the adverse ruling. So the core issue-preservation defect that adversely affected Seidenstricker Farms is absent here. It's also worth mentioning that three justices dissented in *Seidenstricker Farms.* And neither this court nor our supreme court has, since *Seidenstricker Farms* was decided, cited that case for the proposition the majority has today.

Returning to the big doctrinal picture, this appeal apparently falls between two developed lines of precedent. One line of cases generally holds that unless you expressly appeal an attorney's-fee award, it is not preserved for review and therefore stands. Cases like *Entertainer, Inc. v. Duffy,* 2012 Ark. 202, 407 S.W.3d 514 and *Craig v. Carrigo,* 353 Ark. 761, 121 S.W.3d 154 (2003), exemplify this view. Throughout this group of cases, however, the underlying judgment on the merits that spawned the fee award was partly or wholly upheld. The opposite happened in *Collins I;* there the judgment was reversed entirely, not upheld. For this important reason, the majority's reliance on *Craig, supra,* cannot adequately support

the choice to stand silent on why *Harp* shouldn't control this case.

A second line of cases supports Professor Howard Brill's pertinent observation that "the reversal of the underlying judgment requires reversal of the award of attorney fees." Howard W. Brill & Christian H. Brill, *Law of Damages* § 11:3 (5th ed.Supp.2012). Arkansas Supreme Court cases like *Pettus v. McDonald,* 343 Ark. 507, 36 S.W.3d 745 (2001) support Professor Brill's statement. In *Pettus* our supreme court held, "Having reversed the judgment in favor of Appellees, it is unnecessary for this court to address Appellants' argument [on the $25,000 fee award]. This court has consistently held that when a judgment in favor of a prevailing party is reversed, any award of attorney's fees must also be reversed." 343 Ark. at 516–17, 36 S.W.3d at 751. The *Pettus* line of cases does not, strictly speaking, control this case because those cases do state that the attorney's-fee award was appealed. That is why this appeal falls between the two prevailing lines of cases relating to the viability of an attorney's-fee award once a decision on the merits of the underlying judgment has been rendered.

This court's *Harp* opinion, to paraphrase Justice Oliver Wendell Holmes, Jr., reached into the interstitial space this case occupies and decided the fee issue in a way that strongly counsels, if not requires, us to affirm on direct appeal. If we don't apply *Harp* now, then we should expressly overrule its holding on the (unappealed) attorney's-fee issue: "Because the underlying judgment that formed the basis for the award of attorney's fees has been reversed, the order awarding attorney's fees to appellee is likewise reversed." *Harp,* 2013 Ark. App. 202, at 5, 2013 WL 1228754.

The majority, however, has chosen not to apply *Harp* or partially overrule it. As a result, a conflict in this court's case law

now exists. And the conflict is not of interest solely to the wild-haired, pocket-protector-wearing legal pedant. Just ask the City of Bryant, which must now pay a $27,000 attorney's fee to a party whose substantive legal claim it wholly defeated a year and a half ago on appeal. The better practice is for parties to expressly and timely appeal an attorney's-fee award anytime they may, for any reason, want an appellate court to reverse or modify it. But I am not convinced that Rule 60 bars the circuit court's decision to vacate the fee award in this case.

As for *Collins II,* this court should follow *Harp* and affirm the circuit court's decision to grant the city's motion to vacate the fee award. The majority, however, has chosen a different path. It essentially follows *Seidenstricker Farms 's* dictum on Rule 60; leaves this court's *Harp* holding intact, creating a case-law conflict in its wake; and makes it harder to vacate a fee award when basic fairness tells us all that it should no longer stand. Because I don't share the majority's views under the circumstances, I respectfully dissent from the decision to reverse the circuit court on direct appeal. I join the majority's decision to affirm the cross-appeal.