SLIP OPINION

Cite as 2013 Ark. App. 663

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-236

| | |
|---|---|
| MICHAEL GRANT | **Opinion Delivered** November 13, 2013 |
| APPELLANT | |
| | APPEAL FROM THE UNION COUNTY CIRCUIT COURT |
| V. | [NO. PR-2006-200] |
| | |
| GATES WILLIAMS, CATHY POOLE, EDWARD FREDRIC BRANDHURST, and JAMES JONES | HONORABLE MICHAEL R. LANDERS, JUDGE |
| APPELLEES | AFFIRMED. |

**ROBERT J. GLADWIN, Chief Judge**

Appellant Michael Grant, administrator of the estate of Linda Williams, deceased, appeals the Union County Circuit Court's order of November 15, 2012, vacating its order of December 15, 2009, which had granted a petition for approval to make final distribution and determine heirship.[1]  Appellant argues three reasons why the circuit court erred by setting aside its order: (1) the circuit court lost jurisdiction to vacate the order; (2) there was insufficient evidence to set aside the order; and (3) equitable estoppel prevents appellee Gates Williams from objecting to the order.  We affirm.

I. *Procedural and Factual History*

On August 18, 2006, appellant was appointed administrator of the estate of Linda Williams, deceased.  He named Susan Scritchfield, cousin, and one unknown cousin as heirs

---

[1]The circuit court style in the instant case is *In the Matter of the Estate of Linda Williams, deceased*.

and placed the value of the estate at $145,000, including both personal and real property. On June 18, 2008, an affidavit in support of heirship determination was filed on behalf of appellees James Edgar Jones, Jr., Norma Wright Holman, Kathrine Maile Pitts Brock, James Walter Pitts, and Samuel M. Batterson, each cousins to the decedent.

On November 12, 2009, appellant filed a "Petition for Approval to Make Final Distribution and Termination (sic) of Heirship," alleging that the decedent had married Edward Brandhurst on August 24, 1968, and had never obtained a divorce. Further, the petition alleged that the decedent had no children, that she was an only child, and that her parents predeceased her, leaving her surviving husband, Edward Brandhurst, the sole heir.

Appellee Cathy F. Poole responded to the November 12, 2009 petition, alleging that she was the cousin of the decedent, that no accounting had been filed, and that the decedent's marriage to Edward Brandhurst was not valid. She claimed that the heirs would be the decedent's first cousins and their descendants, herself being one.

A hearing was set for December 15, 2009, and the interested parties met for a settlement conference that day. As a result, a settlement was presented to the circuit court judge, who signed an order finding that Edward Brandhurst and the decedent were married at the time of the decedent's death and that Brandhurst was the sole heir of the decedent. The order also contained a provision that Brandhurst agreed to make a gift of the 2406 shares of Simmons First National Corporation stock to the descendants of Lloyd Williams, Ralph Williams, and Heard Williams, one third each per stirpes. However, this order was held and not filed by the attorney for the estate.

2

Appellee Gates Williams, first cousin to the decedent, filed a motion on March 27, 2012, alleging that he was not a party to the settlement and did not know that the circuit judge had signed an order on that day. He acknowledged that the order had not been filed and sought a hearing for the circuit court to determine that there had been no binding settlement. On April 4, 2012, the order signed on December 15, 2009, was filed at appellant's direction in circuit court. On April 10, 2012, appellant responded to Williams's motion, acknowledging that the order had been filed.

On September 13, 2012, a motion to vacate the order was filed by Williams, alleging that the order had been filed on April 4, 2012, but that his attorney had not received a copy or been notified, having first learned of the filing on September 7, 2012. Attached to the motion were the documents related to the decedent's divorce from Brandhurst in New Mexico in 1969. Williams claimed that despite obtaining a divorce from the decedent, Brandhurst appeared in December 2009 and represented that he was the surviving spouse. He further claimed that, at the time the order was filed on April 4, 2012, reciting that Brandhurst was the surviving spouse, appellant and his attorney had actual knowledge of the 1969 divorce decree.

Williams testified that he had attended the hearing set for December 15, 2009. He explained that the group met in the circuit court's library and discussed settlement. Williams testified that appellant had attended with his attorney, and that Cathy Poole, her boyfriend, and Edward Brandhurst, who represented himself to be the decedent's husband, also attended. Williams explained that he went to the meeting on behalf of himself and the rest

3

of the Williams family who were not represented by counsel. He claimed that the resulting agreement was based on fraud because Brandhurst was not the decedent's husband. Williams said he remembers that shortly after the meeting, Brandhurst said that the deal was off. He also testified that he was not represented before the circuit court when the attorneys explained the settlement to the judge because he was not invited and does not know what was said. He said that the terms of the order reflect what had been discussed in their settlement meeting, except for the attorney's fees, fees for W.L. Cook, who prepared the accounting, and those fees being paid from the Simmons stock. Williams objected to dividend checks being cashed and commingled with the other cash assets. He remembered that he received an email from appellant, who explained that Brandhurst reneged on the deal. Williams also testified that he received an email from appellant explaining that appellant did not intend to have the order filed, even though it had been signed by the circuit judge.

Don Dodson, former attorney for appellant as estate administrator, testified pursuant to a subpoena that appellant told him after the settlement meeting that a problem had arisen about the dividend of stock that was to go to the Gates Williams family. He said it was a significant amount of money that

> we did not realize existed one way or the other at the time of our discussions. And we realized that suddenly there was a pretty material amount of money and we were unclear, and Gates Williams took the position that that money should be a part of the stock and should be delivered to him as part of the settlement. I think [appellant] took the position that it was part of the general estate and should not be paid to the Williams family as a part of the settlement. And I was told to hold on and let's see how we can get this sorted out because it was very hotly contested almost immediately once we realized that that amount of money did exist as the dividend.

On November 15, 2012, the circuit court set aside the April 4, 2012 order, finding that appellant, as administrator, was notified by letter from Williams that neither he nor the other intestate heirs were parties to the settlement and that there were issues related to the distribution of accrued dividends of the Simmons Bank stock that were not resolved. Further, the circuit court found that it was agreed that the signed order of December 15, 2009, would be held by Dodson and not filed. As of the filing of the March 27, 2012 motion, the order had not been filed. However, the order was filed on April 4, 2012, without notification to Williams, his counsel, or any other heirs at law. The circuit court found that, prior to filing the motion to vacate, Williams obtained a certified copy of a final divorce decree between Brandhurst and the decedent filed on February 28, 1969, in New Mexico. Despite this, Brandhurst represented on December 15, 2009, that he was the surviving spouse. The court found that Williams and other intestate heirs were not parties to the purported agreement and it was understood by appellant and his counsel that the order would not be filed pending a resolution of those issues. In a separate paragraph, the circuit court states that the administration of the estate had not yet terminated. Based on these findings, the circuit court granted the petition to vacate the order filed April 4, 2012.

Appellant filed a motion to reconsider on November 26, 2012, claiming that Arkansas Rule of Civil Procedure 60 (2012) prevented the circuit court from modifying or vacating its previous order more than ninety days after it had been filed. Further, appellant argued that the divorce decree, which was at the heart of the circuit court's vacation order, had been a public record for more than forty years and no evidence was presented that explained why

5

SLIP OPINION

it could not have been obtained at the December 15, 2009 hearing. After responses were filed, an order denying the motion to reconsider was filed on December 10, 2012. Appellant filed a notice of appeal on December 14, 2012, and this appeal timely followed.

## II. *Standard of Review*

Probate orders, with two exceptions that do not apply here, are appealable before an estate has been closed. Ark. Code Ann. § 28-1-116 (Repl. 2012); *Hamm v. Hamm*, 2013 Ark. App. 501, ___ S.W.3d ___. We review probate proceedings de novo on the record but will not reverse a circuit court's factual determinations unless they are clearly erroneous. *Hamm, supra*. We do not, however, defer on pure issues of law. *Id*.

## III. *Circuit Court's Jurisdiction*

Appellant contends that the circuit court did not have the authority to set aside the order signed on December 15, 2009, and filed on April 4, 2012. He argues that Arkansas Code Annotated section 28-1-115 (Repl. 2012) prevents the circuit court from vacating its order after thirty days from its filing. The statute provides in part that, at any time within the period allowed for appeal after the final termination of the administration of the estate of a decedent, the court may vacate an order. Ark. Code Ann. § 28-1-115(a). Appellant argues that the circuit court lost jurisdiction to vacate the order on May 4, 2012, thirty days after the order was filed. *See* Ark. R. App. P.–Civ. 4 (2012).

Appellees assert that appellant's argument ignores the clear language of the statute requiring that notice of appeal be filed within thirty days "after the final termination of the administration of the estate of a decedent." Ark. Code Ann. § 28-1-115(a). We agree. The

6

order signed December 15, 2009, and filed on April 4, 2012, did not signify the final termination of the administration of the estate. The order granting Williams's petition to vacate specifically found that "[t]he administration of this estate has not yet terminated." Appellees' argument, that the vacated order dealt with the determination of the proper recipients of the net assets of the estate, is well taken. The vacated order did not terminate the estate, and thereby, did not fulfill the requirements of Arkansas Code Annotated section 28-1-115(a). *See In re Estate of Stinnett*, 2011 Ark. 278, 383 S.W.3d 357 (where Arkansas Supreme Court held that the order that authorized distribution of settlement proceeds did not constitute a final appealable order of distribution); Ark. Code Ann. § 28-53-104 (elements required in an order of final distribution); Ark. Code Ann. § 28-53-103 (applicable procedures for final distribution).

Second, appellant argues that Williams is not a party to the matter; thus, Arkansas Rule of Civil Procedure 59 (2012) prevents him from filing a motion for new trial because that Rule is limited to the parties. Third, appellant contends that Williams's motion filed March 27, 2012, should be considered a Rule 59 motion and, as such, deemed filed on May 5, 2012, a day after the order filed on May 4, 2012. *See* Ark. R. Civ. P. 59(b). Because the motion was not ruled on by June 5, 2012, appellant argues that the motion is deemed denied and the circuit court lost jurisdiction to vacate the judgment.

Appellant notes that, in the motion filed on September 13, 2012, Williams claims that he had no knowledge of the entry of the order filed April 4, 2012. However, appellant's response to Williams's March 27, 2012 motion states that the order had been filed. Thus,

appellant claims that Williams had no justification for the delayed filing of the motion to vacate. Appellees contend that appellant's arguments related to Rule 59 are anticipatory of an argument that they do not intend to make.

Appellant also maintains that Arkansas Rule of Civil Procedure 60 (2012) does not control. Rule 60 allows for relief from an order after ninety days in certain circumstances. Those circumstances include newly discovered evidence and misrepresentation or fraud. Ark. R. Civ. P. 60(c)(1) and (4). Appellant contends that the divorce decree was not newly discovered evidence because Williams mentions it in his motion filed prior to the April 4, 2012 order. Therefore, appellant claims that Rule 60(c)(1), which allows for a new trial after ninety days where the ground is newly discovered evidence that the moving party could not have discovered in time to file a motion under Rule 59(b), does not apply.

Further, appellant claims that Rule 60(c)(4) is inapplicable because the misrepresentation or fraud must be committed by an adverse party. Appellant contends that he is the only adverse party and that there is no evidence that he made any misrepresentation or fraud. He claims that the misrepresentation, if any, was committed by Brandhurst, who was not a party.

Appellees respond that Rule 60(c)(4) is applicable, empowering the circuit court to set aside the order after the expiration of ninety days for misrepresentation or fraud. We agree. Appellant is an adverse party and so admitted in his argument above. Appellant misrepresented the decedent's marital status to the court and to the intestate heirs because he directed that the order, containing language that Brandhurst was the surviving spouse of



decedent, be filed, rather than revealing that he had learned of the 1969 divorce decree. Accordingly, we hold that the circuit court had jurisdiction to vacate the order filed April 4, 2012.

## IV. *Sufficiency*

Appellant's argument that the evidence was insufficient to support the circuit court's vacation of the order baldly states, without reference or citation to authority, that Williams's absence from the courtroom when the settlement was delivered to the circuit judge does not invalidate the agreement. Appellant then claims that Williams had "every opportunity" to express his opinion, but chose not to appear. Appellant further asserts that Williams's complaints about the order presented to the circuit judge were either standard fee awards or amounted to no change from the original settlement agreement.

We hold that the circuit court's order was not clearly erroneous. Appellees note that appellant's argument does not address that the agreement was based on fraud—Brandhurst's representation that he was the surviving spouse of the decedent. Appellees point to Williams's testimony that Brandhurst indicated to him that the "deal was off." Also, Dodson testified that the doubts about Brandhurst's qualifications as a surviving spouse went "back to the beginning." Therefore, there was sufficient evidence before the circuit court that a valid agreement had not been reached.

## V. *Equitable Estoppel*

The essential elements of equitable estoppel are (1) the party to be estopped must know the facts; (2) the party must intend that his conduct shall be acted on or must so act

9

that the party asserting estoppel has a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment. *Wildlife Farms II, LLC v. Robinson*, 2011 Ark. App. 140, at 10, 378 S.W.3d 824, 831.

Appellant argues that Williams sat on his rights and is, therefore, estopped from obtaining relief at this late date. Appellant contends that Williams caused everyone to believe an agreement had been reached when he did not appear and express objections before the circuit judge when the order was signed on December 15, 2009. Appellant claims that he was unaware that Williams objected to the settlement until after the order was signed. He claims that, at that point, his own opportunity to have a timely hearing on the matter had passed. He argues that if Williams had objected in a timely manner, the hearing could have been held that day and the circuit court could have resolved the issues.

Appellees maintain that the circuit court's finding that the parties did not reach a settlement agreement at their meeting on December 15, 2009, negates appellant's estoppel claim. Appellees contend that it cannot be argued that Williams's conduct constituted a false assurance that he did not object to the purported agreement. As the circuit court concluded, there never was such an agreement.

Affirmed.

PITTMAN and WOOD, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.
*Thomas & Hickey, L.L.P.*, by: *Joseph Hickey*; and *Haught & Wade, LLP*, by: *John Cogan Wade*, for appellees.