SLIP OPINION

Cite as 2014 Ark. App. 450

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-27

| | |
|---|---|
| PHILLIP J. TAYLOR<br><div align="right">APPELLANT</div><br>V.<br><br>CITY OF FORT SMITH and JUDITH MILLER, SEBASTIAN COUNTY TAX COLLECTOR<br><div align="right">APPELLEES</div> | **Opinion Delivered** September 3, 2014<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CIV-2011-1418]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

**WAYMOND M. BROWN, Judge**

Phillip Taylor appeals from an order refusing to remove a lien on his property, and from other related orders. We affirm in part and dismiss in part.

In 2011, Taylor purchased a lot in the City of Fort Smith. Several years earlier, a fire had occurred on the property, and the owners, Larry and Danielle Tobler, did not remove the burned-out structure. The City cleaned up the lot on April 26, 2005, at a cost of $3,147.52. Pursuant to statute,[1] the City acquired a lien on the property for its costs.

When the lien remained unsatisfied after more than a year, the City invoked the enforcement provisions of Arkansas Code Annotated section 14-54-904(a).[2] That statute allowed the City to either sue the Toblers in court or certify the lien to the County Tax

---

[1]Ark. Code Ann. § 14-54-903(b) (Repl. 1998).

[2](Repl. 1998).

Collector, who would collect the amount due as a tax delinquency.[3]

The City chose the second option, passing an ordinance in November 2006 that certified the Tobler lien (and several other liens) to the Sebastian County Tax Collector. The Collector received the certification in December 2006 or January 2007.

For reasons unknown, the Collector did not record the lien for several years. The City eventually informed the Collector of the omission, and the Collector added the lien amount to the tax books in May 2010. The Collector then sent a tax invoice to Larry Tobler, who did not pay the bill.[4]

On April 4, 2011, appellant Phillip Taylor purchased the property from Larry Tobler. Taylor was aware at the time of his purchase that the City's lien appeared as a cloud on the property's title. Taylor soon asked the City to release the lien on the ground that it had "expired," citing an eighteen-month statute of limitations contained in section 14–54–904(a). The City refused, and Taylor filed suit, seeking a declaration that the clean-up lien was time barred.

Following a bench trial, the circuit court ruled that section 14–54–904(a) contained two options for enforcing a municipal clean-up lien: (1) filing suit in court, to which an eighteen-month limitation period applied; and (2) certifying the lien to the County Tax

---

[3]Section 14–54–904(a) was amended by the General Assembly in 2005 and 2007. *See* Act 854 of 2007; Act 887 of 2005. Those amendments were not in force at the time the City's lien accrued in April 2005.

[4]By this time, Larry Tobler was the sole owner of the property.

Collector, which, the court implied, was not subject to the eighteen-month deadline.[5] Because the City utilized the second method and certified the lien to the Tax Collector, the court refused to declare the lien time-barred and denied Taylor's request to remove the lien from the property. Taylor appeals that ruling.

## I. *The City's Lien Claim*

Section 14-54-904(a) provides that a municipality's clean-up lien may be enforced and collected *in either one (1) of the following manners*:

> (1) At any time within eighteen (18) months after the work has been done, by an action in chancery court; *or*

> (2) The amount of the lien . . . may be determined at a hearing before the governing body of the municipality held after thirty (30) days' written notice by certified mail to the owner of the property . . . . The amount so determined at the hearing, plus ten percent (10%) penalty for collection, shall be certified by the governing body of the municipality to the tax collector of the county . . . and placed by him on the tax books as delinquent taxes, and collected accordingly. The amount, less three percent (3%) thereof, when so collected shall be paid to the municipality by the county tax collector.

(Emphasis added.) The question on appeal is whether the eighteen-month limitation period in subsection (a)(1) applies when a municipality chooses the certification method contained in subsection (a)(2). Because our inquiry involves statutory interpretation, our review is de novo.[6]

Our basic rule of statutory construction is to give effect to the intent of the legislature.[7]

---

[5]The court referred to an earlier order entered in the case.

[6]*Berryhill v. Synatzske*, 2014 Ark. 169, 432 S.W.3d 637.

[7]*Rose v. Ark. State Plant Bd.*, 363 Ark. 281, 213 S.W.3d 607 (2005).

It has also been said that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.[8]

Applying those rules to section 14-54-904(a), it is clear that the two options afforded by the statute are separate and distinct. The statute permits a municipality to use "either one" of the two options. Further, the options are set apart in different clauses—subsections (a)(1) and (a)(2)—which are divided by the word "or." When a statute uses the word "or," it denotes an alternative, "either this or that."[9] Accordingly, the eighteen-month limitation period, which appears solely in subsection (a)(1), is exclusive to that subsection. It does not apply to the certification option in subsection (a)(2), which was utilized by the City of Fort Smith. Consequently, the City's lien claim was not time-barred under section 14-54-904.[10]

Taylor argues alternatively that the City's lien claim is barred by other, more general statutes of limitation.[11] We disagree. Lien statutes are to be strictly construed.[12] Strict construction means that nothing is taken as intended that is not clearly expressed.[13] Here, the

---

[8]*Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007).

[9]*See Bakalekos v. Furlow*, 2011 Ark. 505, 410 S.W.3d 564; *McCoy v. Walker*, 317 Ark. 86, 876 S.W.2d 252 (1994).

[10]Because the eighteen-month clause does not apply in this case, it is unnecessary to review the circuit court's finding that the City in fact complied with that time limit.

[11]*See* Ark. Code Ann. § 16-56-105 (Repl. 2005) (three years); Ark. Code Ann. § 16-56-115 (Repl. 2005) (five years).

[12]*Herringer v. Mercantile Bank of Jonesboro*, 315 Ark. 218, 866 S.W.2d 390 (1993).

[13]*Roeder v. U.S.*, 2014 Ark. 156, 432 S.W.3d 627.

legislature chose to apply a statute of limitations to the chancery-suit option in subsection (a)(1) of section 14-54-904, but did not include a limitation period for the certification option in subsection (a)(2). We will not read into a statute a provision that was not included by the General Assembly.[14]

Taylor also contends that the City should be estopped from relying on the certification option because it sent a lien notice to the Toblers in May 2005, threatening to file suit within eighteen months. Estoppel requires that the party asserting it rely on the other party's conduct to his detriment.[15] Here, there is no evidence that Taylor, who bought the property in 2011, relied to his detriment on the notice sent to the Toblers in 2005.

We therefore affirm the court's ruling that the City's lien was not time-barred.[16]

II. *Attorney's Fees*

The City filed a counterclaim to recover its cleanup costs on the theory of unjust enrichment, should its lien prove to be invalid. Taylor moved successfully to dismiss the counterclaim and sought a $500 attorney's fee on the theory that he was the prevailing party.[17] The court denied the fee request in an order entered on August 24, 2012. Taylor argues on

---

[14]*Potter, supra.*

[15]*Grant v. Williams*, 2013 Ark. App. 663, 430 S.W.3d 786.

[16]Taylor also appeals the circuit court's denial of his motion for summary judgment on this point. We will not reach that issue because, with certain exceptions not applicable here, the denial of a motion for summary judgment is not subject to appellate review after a trial on the merits. *Rick's Pro Dive 'N Ski Shop, Inc. v. Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991).

[17]*See* Ark. Code Ann. § 16-22-308 (Repl. 1999).



appeal that the court erred.

We cannot reach Taylor's argument on this point because the order denying fees is not mentioned in Taylor's notice of appeal or amended notice of appeal. An order not mentioned in the notice of appeal is not properly before the appellate court.[18] In particular, an attorney-fee order must appear in the notice of appeal if we are to have jurisdiction to review the order.[19] This applies even where, as here, the fee order is entered before the final judgment in the case.[20]

This portion of Taylor's appeal is therefore dismissed.

### III. *Rulings Regarding the Tax Collector*

The remainder of the appeal involves Taylor's challenge to the court's rulings involving the Sebastian County Tax Collector, appellee Judith Miller. Taylor did not originally sue Miller, but during the course of the lawsuit, the court issued an order giving Taylor thirty days to add Miller as a party. Taylor amended his complaint and sought damages from Miller on theories of implied indemnity and quasi-contract. The circuit court rejected both theories and awarded nothing to Taylor.

Taylor argues first that the court "erred in dismissing the Appellant's complaint unless the Appellant named the Tax Collector as a party." However, the court did not dismiss or threaten to dismiss Taylor's complaint. It simply gave Taylor time to add Miller as a defendant,

---

[18]*Rose v. Rose*, 2013 Ark. App. 256, 427 S.W.3d 698.

[19]*See Collins v. City of Bryant*, 2013 Ark. App. 409, 428 S.W.3d 594.

[20]*See Rose*, *supra*.

and Taylor did so. Taylor therefore cannot demonstrate error or prejudice from the court's ruling.[21]

Taylor also argues that the court should have held Miller liable on the theory of implied indemnity. We review the circuit court's factual findings under the clearly-erroneous standard.[22]

A claim for indemnity is a derivative or conditional action by one who is compelled to pay money that ought to be paid by another.[23] A duty of implied indemnity may arise from a special relationship between the parties that carries with it an implied obligation to indemnify.[24] Implied indemnity is an equitable concept.[25]

We see no clear error in the trial court's refusal to hold Miller liable. Taylor has not persuaded us that a special relationship existed between himself as a property owner and Miller as a government official such that a duty of implied indemnity arose. Further, the equitable considerations in this case do not favor implied indemnity. The lien was placed on the tax books before Taylor's purchase of the property and its existence was known to him when he

---

[21]*See generally Am. Cent. Fire Ins. Co. v. Arndt*, 129 Ark. 309, 195 S.W. 1075 (1917); *Arvest Bank v. Bank of Am.*, 2013 Ark. App. 112.

[22]*Horton v. Freeman*, 2014 Ark. App. 166, 433 S.W.3d 280.

[23]*See Martin Farm Enters., Inc. v. Hayes*, 320 Ark. 205, 895 S.W.2d 535 (1995).

[24]Howard W. Brill, *Law of Damages* § 17:10, at 320 (5th ed. 2004).

[25]*See Mosley Mach. Co., Inc. v. Gray Supply Co.*, 310 Ark. 214, 833 S.W.2d 772 (1992); *Larsen Mach., Inc. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980).



bought the property.[26]

We therefore affirm the court's rulings on this point.

Affirmed in part; dismissed in part.

WYNNE and HIXSON, JJ., agree.

*Phillip J. Taylor*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Robert R. Briggs*, for appellee.

---

[26]Although the circuit court did not expound on its reasons for rejecting Taylor's implied-indemnity claim, we may affirm the circuit court if its ruling was correct for any reason. *Abdin v. Abdin*, 101 Ark. App. 56, 270 S.W.3d 361 (2007).